293 So.2d 298

Kirk WEAR

v.

CHENAULT MOTOR COMPANY, INC., and Ford Motor Co., Inc.

Civ. 194.

Court of Civil Appeals of Alabama.

Feb. 20, 1974.

Rehearing Denied March 6, 1974.

Joseph F. Gilliland and Bedford & Bedford, Russellville, for appellant.

No brief from appellee.

WRIGHT, Presiding Judge.

Appellant Wear brought suit against Ford Motor Company for damages arising from the partial destruction by fire of a 1970 Ford automobile. The complaint was in four counts alleging negligent manufacture, breach of implied warranty and breach of a written warranty. From a directed verdict and judgment for defendant, plaintiff appeals.

There having been no evidence presented as to a written warranty, such is not an issue on appeal.

The evidence presented by plaintiff was that in December of 1970 he purchased from Chenault Motor Company, a Ford dealer, a 1970 LTD Ford automobile. It was a used automobile, having been purchased in May of 1970 and driven some 6500 miles by the original owner. The car was primarily used by appellant's wife and had been driven a total of 9500 miles at the time it caught fire and burned in

March of 1971. Service on the vehicle from the time of purchase by the original owner until the time of the fire had been by the Ford dealer. There had been no difficulty with any of the workings of the vehicle. It had given excellent service. It was fully equipped with air conditioner, radio, heater, cigarette lighter, etc. Shortly before the fire, work had been done on the radio speaker system. Speakers in the left door had ceased functioning. Wiring to the speaker from the radio was found loose.

The wife of the plaintiff was driving the automobile on the afternoon of March 6, 1971 when the fire occurred. She stated she was driving about 60 miles per hour, with the radio and heater operating, when she saw flames coming from under the dash around the ash tray. She had not previously smelled nor seen smoke. She pulled to the side of the road while beating at the flames with her purse. She stopped the car, turned off the motor but was unable to extinguish the flames. She flagged down a passing vehicle and requested assistance. The fire was not extinguished. It consumed the interior of the car but did not damage the motor. It was shown that the car had not been used since the day before when Mrs. Wear began her journey. She had traveled a distance of 4 or 5 miles before the fire. She had not been smoking and using the ash tray and was alone at the time.

It is appellant's contention that the above evidence presented a question for the jury upon the negligence of the manufacturer and breach of an implied warranty of merchantability. Appellant also contends that the doctrine of res ipsa loquitur applies.

■ We cannot agree with any of these contentions. Generally, manufacturers liability based upon negligence requires proof that a product was negligently produced in a defective condition and that such defect was the cause of the injury to plaintiff. 63 Am.Jur.2d, Products Liability. Product defectiveness is not established generally by mere proof of injury, or that the product broke or failed to function while being normally used. Frumer-Frumer-Friedman, Products Liability, Vol. 1, § 11:01.

■ In this case the evidence of plaintiff was merely that a fire of unknown origin or cause suddenly appeared. There was effort to establish normal use and care of the automobile from the time purchased from the dealer by the original owner through the purchase and use by the plaintiff. However, plaintiff's evidence showed the automobile had been in use by at least two owners for nearly a year. It had been driven some 10,000 miles with no defect nor trouble. Plaintiff sought to present the inference that the source of the fire was in the wiring beneath the dash, but there was not shown any prior difficulty with the ignition and wiring system. To the contrary, all electrical systems were shown to have worked without difficulty and were working, including ignition, radio and heater at the time of the fire. The evidence tended to show all such systems continued to function after the fire until the ignition was cut off by plaintiff's wife. The evidence further showed that work had been done on the wiring in the radio speakers in the left door by workmen retained by plaintiff shortly before the fire and that such wiring was connected to the radio located in the dash. If there was any inference that the origin of the fire was in the electrical system, such inference could arise from the work done on the speaker. There was no evidence to support a reasonable inference that the fire was caused by a defect in the electrical system due to negligent manufacture.

■ The evidence in this case fails to show the cause of the fire either directly or circumstantially. To sustain appellant's contention that there was a scintilla sufficient to present to the jury, there would have to be inference based upon inference. The first inference would be that the origin of the fire was in the wiring system under the dash. Such inference would

have to arise from speculative and conjectural circumstantial evidence. That is, the fire appeared suddenly from under the dash where wiring is generally located, but also from under and around the ash tray. From the inference arising from such speculative circumstantial evidence, appellant makes the further inference that there was a defect in the wiring which was present at the time the vehicle left the control of the manufacturer a year or more before and was present while the automobile was driven by various persons for 9500 trouble free miles. It is not permissible to base an inference upon another inference drawn from unreliable, speculative or conjectural circumstantial evidence. Vaccarezza v. Sanguinetti, 71 Cal.App.2d 687, 163 P.2d 470; Smith v. General Motors Corp. 227 F.2d 210 [5th Cir.]; Malone Freight Lines, Inc. v. McCardle, 277 Ala. 100, 167 So.2d 274; Woodward Iron Co. v. Goolsby, 242 Ala. 329, 6 So.2d 11.

■ As we consider appellant not entitled to recover for failure to establish a scintilla of evidence as to the negligent manufacture of the automobile, we do not deem it necessary to consider whether appellant had a cause of action under manufacturer's liability for mere property damage. It would appear that the Supreme Court of Alabama considers that recovery in such actions is only for personal injury. Defore v. Bourjois, Inc., 268 Ala. 228, 105 So.2d 846; Harnischfeger Corp. v. Harris, 280 Ala. 93, 190 So.2d 286. We tend to disagree with such status of the law, but we are not able to change it. In the instant case, under the state of the evidence, we see no purpose in trying to change the collective minds of the members of the Supreme Court. Res ipsa loquiter does not apply as the necessary element of control had not been present for nearly a year, neither does the evidence disclose the cause of the fire. McClinton v. McClinton, 258 Ala. 542, 63 So.2d 594.

■■ We come now to consideration of the count of plaintiff's complaint charging breach of implied warranty.

There have been some recent rumblings from the Alabama Supreme Court indicating that a new look is to be taken as to the law of products liability in this state. Geohagan v. General Motors Corp., 291 Ala. 167, 279 So.2d 436. We think some action in this field is overdue if the consumers of the state are to receive the protection enjoyed by those in the majority of states. However, under the state of the law as it now exists, Section 2–318, Title 7A, Uniform Commercial Code, notwithstanding, there is no right of action on an implied warranty of merchantability or fitness for use against a manufacturer for property damage without privity of contract. Harnischfeger Corp. v. Harris, supra; Blitzstein v. Ford Motor Co., 288 F.2d 738 [5th Cir. 1961]; Dudley v. Bayou Fabricators, Inc., 330 F.Supp. 788 [D.C.1971]. Appellant in this case had no privity of contract with Ford Motor Company.

The judgment of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.