296 So.2d 719

**Roland HORN, as Administrator of the Estate of Sylvia Horn, Deceased**

**v.**

**Olen T. SMITH and Dunham Lumber Company, a corporation.**

**SC 369.**

Supreme Court of Alabama.

June 20, 1974.

Love, Love & Lawrence, Talladega, for appellant.

London, Yancey, Clark & Allen, Birmingham, for appellees.

HARWOOD, Justice.

On 24 April 1970, Mrs. Sylvia Horn was driving an automobile going south on Highway 21, and Olen Smith, an employee of Dunham Lumber Company, was driving a company truck loaded with lumber going north on Highway 21. It was raining at the time. Mrs. Horn's automobile crossed the center line of the highway and collided with the truck. She died as a result of injuries sustained in this collision.

Thereafter her husband, as administrator of the estate of Sylvia Horn, deceased, brought an action against Olen Smith and Dunham Lumber Company. The case went to the jury on Count 3 and Count 4 of the complaint.

Count 3 charged the defendants with negligently operating the truck by negligently failing to load said truck with lumber as to prevent said load from shifting or dropping onto the highway.

Count 4 charges that the defendants were guilty of violating Section 58(45) of Title 36, Code of Alabama 1940, which reads:

> "Loads which must be fastened by cables or chains. Every person operating a motor vehicle on any highway hauling logs, lumber, pulpwood, tarwood, bail cotton or hay, or other articles that may shift or drop into the highway is required to fasten such load with steel cables or chains of sufficient size to prevent the load from shifting or dropping onto the highway."

The defendants pled in short by consent the general issue and contributory negligence, with leave, etc.

The jury returned a verdict for the defendants and the court entered a judgment pursuant to such verdict. No motion for a new trial was filed.

In the trial below the evidence introduced by the plaintiff was directed toward showing that lumber had dropped from the truck as it approached Mrs. Horn's automobile. The inference from such fact was that this caused Mrs. Horn to slide over into the lane of the approaching truck, apparently in an effort to avoid the lumber in her lane.

The evidence presented by the defendants below, appellees here, tended to show that the lumber was arranged in "packets" which were bound by metal bands. These packets were loaded on a flat bed truck and tied thereon by three chains. This proceeding met all state requirements as to loading.

Olen Smith, one of the defendants, who was an employee of Dunham Lumber Company, was operating the truck at the time of the collision. He had checked the chains and the load at the original loading, and again in Talladega. As he was nearing Talladega it began to rain—"the bottom fell out." He was climbing a hill when he first saw an approaching automobile "fish tailing" at an angle of about 45°, and sliding down the road. He saw that the automobile was likely to hit his truck, so he

pulled to his right, and just before the impact he "stopped as quick as he could." Smith testified that no lumber had fallen from the truck before the collision, but that the impact of the collision did cause two of the tie chains to break and some of the top packets of lumber were thus thrown from the truck.

All of the witnesses who arrived at the scene of the accident almost immediately after it happened, testified that they observed lumber on the ground at the scene. Some of the witnesses testified that the lumber was either forward of the truck, or at the side of the truck. They did not see any lumber in the road from the direction from which the truck had come.

Appellant has argued two assignments of error, i. e., assignment of error 7, and assignment of error 4. Counsel for appellee questions the sufficiency of either assignment to invite review. However, we pretermit consideration of the form of the assignments and go to their merits.

Assignment of error No. 7 asserts that the verdict of the jury was contrary to the instructions of the court.

The record shows that the court instructed the jury as follows:

"In Alabama, we have another form of negligence. It is based on a rule of law. Count Four of this Complaint is drawn under this rule. If you violate any law drawn to insure the safety of persons and property on the highway, it is negligence per se, that means negligence in itself, and all the plaintiff would have to do to prove negligence would be to show a violation of such a statute by the defendants, to your reasonable satisfaction. *However, before they could recover they would still have to go further on this theory and prove to your reasonable satisfaction that the plaintiff's intestate was killed as a proximate result of the defendant's violation of such a statute.* In this regard, I want to read to you one of the rules of the road, Title 36, Section 58(45) which provides as follows: * * *" (Emphasis ours.)

The court then read Section 58(45), Title 36, to the jury. This section has been set out above, and will not here be again set out.

■ Counsel for appellant argues that since the evidence shows that two packets of lumber did fall from the truck, then under the court's instructions as above set out, the jury would of necessity have to find for the plaintiff. This argument ignores the latter part of the court's instructions as to proximate cause. Further, the jury would have been amply justified in finding under the evidence, and reasonable inferences therefrom, that (1) the lumber was properly fastened on the truck, and (2) that the lumber fell off the truck because of the impact of deceased's automobile with the truck, and not because of any negligence on the part of the defendants in fastening the lumber on the truck. No merit attaches to assignment of error No. 7.

■ Assignment of error No. 4 asserts that the court erred in entering a judgment pursuant to the verdict of the jury. The evidence presented by the defendants was far more than a scintilla negativing any negligence on the part of the truck driver. This being so the court properly let the case go to the jury. No motion for a new trial was filed. The only manner of charging error to a trial court as to the insufficiency of the evidence to support the verdict is by a motion for a new trial with such ground properly stated. Fuller v. Darden, 274 Ala. 447, 149 So.2d 805; Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361; Fallow v. Flowers, 274 Ala. 151, 146 So.2d 306.

■ Even had this point been properly preserved, no reversal could have been pos-

ited on the matter of the sufficiency of the evidence. The evidence is undisputed that the deceased's automobile slid or skidded across the highway into the truck driven by Smith. The only basis that the plaintiff could properly have recovered a judgment was by evidence tending to show that deceased's erratic course was caused by the lumber falling from defendant's truck prior to the accident. Contradictory evidence was introduced on this issue.

 When proof in a negligence suit reveals a state of facts, whether controverted or not, from which different inferences and conclusions may be reasonably drawn, the resolution of the question is one for the jury. Gleichert v. Stephens, 291 Ala. 347, 280 So.2d 776; Shores v. Terry, 285 Ala. 417, 232 So.2d 657.

The judgment here appealed from is due to be affirmed, and it is so ordered.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.