Sarah E. Francis, plaintiff below, appeals from an adverse decree in a boundary line dispute case between herself and Onnie E. and Barbara Lee Tucker, as coterminous land owners. We affirm.
The boundary line in question is the south line of the Tucker property and the north line of part of the Francis property, i.e., the boundary line that separates the back yards of these two neighbors. The controversy arose due to a 20-foot overlap in the legal descriptions of the two respective deeds.
Mrs. Francis, who acquired her lot through an aunt and who had been acquainted with the property for about 30 years before moving away to Massachusetts in 1965, testified that her north line was marked by a fence and fence row; that, although the fence, in substantial part, was gone when she returned to her home in Hartselle in 1972, she did not observe the Tuckers using the property south of the old fence row line until the Tuckers had their south line surveyed in accordance with their deed shortly before the dispute that culminated in the law suit.
Mrs. Tucker testified that she and her husband had been in continuous, actual, and open possession of the entire tract of land described in their deed (showing a 110-foot depth) since acquiring title in 1960, including the 20-foot disputed strip; that the fence referred to by Mrs. Francis was gone before she and her husband moved onto the property; that she had cut the grass and planted a garden in the area south of the old fence line during all the time since they moved there in 1960; and that no one had made any claim or said anything about any portion of the property which the Tuckers were using and claiming as their own until this suit was filed.
The only issue raised by Mrs. Francis on this appeal is the sufficiency of the evidence to support the verdict. A more detailed recital of the evidence would serve no useful purpose. Suffice it to say, the evidence was in sharp conflict; and the trial Judge had to make a decision. The legal issues are neither complicated nor in serious dispute. If the trial Court found the facts as testified to by the Tuckers, their right to prevail, as a matter of law, is well established. Varner v.Carr, 291 Ala. 654, 286 So.2d 294 (1973); Guy v. Lancaster,250 Ala. 287, 34 So.2d 499 (1948).
Our ore tenus scope of review rule hardly needs repeating nor authority cited to mandate our affirmance of the trial Court's decree fixing the line in accordance with the Tuckers' deed of conveyance. It is an oft stated rule that a decree establishing a boundary line need not be supported by a *Page 712 
preponderance of evidence. If, under any reasonable aspect of the case, the decree is supported by credible evidence, it is due to be affirmed unless palpably wrong or manifestly unjust. The only weight of the evidence rule invoked by our cases is where the "great or decided preponderance of evidence against the decree" test is applied in determining whether, though supported by some credible evidence, the decree is palpably wrong or manifestly unjust. See Varner v. Carr, supra, andEdwards v. Farmer, 285 Ala. 118, 229 So.2d 507 (1969).
Indeed, our research turns up only two Alabama cases where the trial court's factual determination as to the boundary line location of coterminous land owners has been set aside on appeal. See Catrett v. Crane, Ala., 329 So.2d 536 (1976);Wilson v. Cooper, 256 Ala. 184, 54 So.2d 286 (1951).[1] In each of these cases, the trial court refused to accept the version of facts by either side, but instead established a line somewhere between the lines contended for by the respective parties. Thus, it was not the "palpably wrong or manifestly unjust" portion of the rule, measured by the "great weight or preponderance of the evidence" test, that was invoked in either of these reversals; rather, the decree in neither of these cases was supported by any credible evidence.
One other point, raised here by appellee, deserves comment. We frequently find a common misunderstanding of our authority to review the sufficiency of evidence to support a decree absent a motion for a new trial. Where the case is tried to a jury, a motion for a new trial is necessary to invoke a ruling before the appellate court will pass on the weight of the evidence or review findings of a jury. Horn v. Smith, 292 Ala. 503, 296 So.2d 719 (1974).
Conversely, while the presumption favoring the court's findings of fact (the ore tenus rule) results in infrequent reversals, our authority to review such decree on the issue of sufficiency of the evidence is not dependent upon a motion for a new trial; and this for the reason that the trial Court's ruling on the sufficiency of the evidence is implicit in a decree in which the trial judge was the trier of the facts.Baker v. Citizens Bank of Guntersville, 282 Ala. 33,208 So.2d 601 (1968).
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.
[1] These pure factual determination cases are to be distinguished from those cases invoking a misapplication of the law to the facts. See, e.g., Murphree v. Swann, Ala.,342 So.2d 329 [1976].