JONES, Justice.
This is a land line dispute between coterminous owners concerning a twenty-foot strip extending east and west across the dividing “quarter-quarter” line. The plaintiffs/appellants own the South forty; defendant/appellee owns the North forty; and no overlay of ownership exists on the face of the deeds. Both the North and South lines of the disputed strip are marked by fences. Appellants claim, by way of prescription, to the North fence, asserting that they built a barn upon and used the disputed strip between the fences since 1943. The appellee claims to a line approximating the southmost fence, asserting that the fence on the North side of the twenty-foot strip had been intentionally built north of the true boundary line to allow for a wagon lane which was used by all of the parties; and that such common use continued until recent years when the entire strip, except for the barn and the area immediately adjacent thereto, grew up in underbrush and small trees.
The trial Court, after hearing the evidence ore tenus and viewing the disputed property, entered a final judgment fixing the line according to a survey offered by *1145 the appellee — owner of the North forty— which substantially followed the southmost fence. We affirm in part, reverse in part, and remand with instructions.
Neither a detailed recital of the evidence, nor a restatement of our scope of review rules in such cases, would serve any useful purpose.[1] Suffice it to say that the record discloses ample credible testimony to support the “common use” contention of the appellee with respect to the disputed strip generally. The only problem area raised by our review of the sufficiency of the evidence concerns the appellants’ claim of adverse possession with respect to the construction and use of the barn and the immediate area adjacent thereto. This problem can best be brought into focus by reciting the testimony contained in the surveyor’s reply to a question asked by the Court:
“THE COURT: As I recall, you said you ran along what we will call the southernmost fence but the angle kept getting smaller until you said it was just three or four feet over in this corner. Point out on your survey where that point was, please, sir.
“A I don’t have an exact measurement to it, Judge, but approximately one hundred yards, maybe a little more, east of this corner which would be right here at the edge of the woods (indicating). This south fence was about eight feet north of my line; I went on about a couple of hundred feet further and was about six feet south of the fence; I hit the barn; offset into the lane; west around the barn and for the last four hundred feet, roughly the east four hundred feet of Mrs. Linam’s line, I was running about three feet north of the south line of that lane.”
For the purpose of clarity, it should be pointed out that the surveyor’s reference to “I hit the barn; offset into the lane; went around the barn . . . ” does not mean that the line established by the surveyor, which was subsequently adopted by the Court and fixed as the boundary line between the parties, in fact offset around the barn. The line, as established and set out in the Court’s decree, is a straight east-west line that starts several feet south of the southmost fence, proceeds in an easterly direction, crosses the fence at some point west of the barn, runs through the barn, and terminates on the west side several feet north of the southmost fence. The “offset” referred to by the surveyor is obviously a surveying technique to establish a straight line through an immovable obstacle.
While the evidence of common use of the lane generally — which was apparently believed by the trial Court — is sufficient to defeat title by prescription in the appellants, there is no evidence of common use or claim to the situs of the barn other than the appellants’ construction and exclusive and hostile use of the barn, and the immediate area incident to its use, for approximately thirty years prior to this controversy. In other words, we find no evidence to dispute the claim of adverse possession to that limited area incident to the use of the barn, a part of which lies south and a part of which lies north of the line fixed by the Final Decree of the trial Court.
On remand of this case, whether an additional hearing will be necessary; whether the boundary can be redrawn so that the line retains its straight east-west direction; or whether an offset will have to be effected in order to place the location of the barn south of the established boundary, are all matters left to the sound discretion of the trial Court within the context of competent supportive evidence. For a similar case and a somewhat similar order on remand, see Kubiszyn v. Bradley, 292 Ala. 570, 298 So.2d 9 (1974).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.

. For two recent cases that state the applicable scope of review rules, as well as the substantive law in this area, see Francis v. Tucker, 341 So.2d 710 (Ala. 1977), and Ferrell v. Shomo Land Co., 345 So.2d 297, 11 ABR 1332 (Ala. 1977).