WRIGHT, Presiding Judge.
Zolali sued the Kayfans in circuit court for money allegedly owed on personal loans. The loans, according to Zolali, were made on three separate occasions prior to July 16, 1980, and amounted to $7,000. Zolali testified that Mr. Kayfan presented a written agreement to him on July 16, 1980, which set out the amount owed and a due date of October 30,1980. The Zolalis’ and Kayfans’ signatures appeared on the document which was duly admitted into evidence. The authenticity of that document, as well as other evidence, was heavily contested. The Kayfans denied borrowing the $7,000 from Zolali. Following trial to the court, judg *122 ment was rendered for Zolali in the amount of $7,000, plus six percent interest from October 30, 1980. From that judgment the Kayfans appeal.
Appellants contend that there was no consideration for the agreement entered into on July 16,1980, to repay money loaned at an earlier date. They also contend that there was a failure of consideration. Under these theories, appellants conclude that the agreement was not binding and the judgment should be reversed. We disagree. Appellee properly points out that § 7-3-408, Code (1975) governs. That section states that “[N]o consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind.”
We note that this case was tried to the court. Therefore, the ore tenus rule and its attendant presumptions apply. Ford v. Alabama By-Products Corp., 392 So.2d 217 (Ala.1980). The trial court determined that the document in question was a valid note. We cannot, as a matter of law, find that it erred in its decision.
Appellant also assigns as error an evidentiary ruling by the court. The question asked was intended to elicit a prior inconsistent statement made by Zolali to his attorney. Objection based on the attorney-client privilege was sustained. Despite the court’s ruling, the witness responded to the question. We find no error in the court’s ruling.
Appellant never addressed the issue of sufficiency of the evidence. Appellee, however, asserts that this court cannot look to the sufficiency of the evidence on this appeal since the appellant made no motion for judgment non obstante veredicto or for new trial. That is the rule in jury cases, but where the trial is to the court, no such motion is needed to raise the issue on appeal. The trial court’s ruling on the sufficiency of the evidence is implicit in a decree where the court was the trier of fact. Francis v. Tucker, 341 So.2d 710 (Ala.1977).
This cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.