414 So.2d 950 (1982)
SECURITRONICS OF AMERICA, INC.
v.
BRUNO'S, INC.
80-594.
Supreme Court of Alabama.
June 4, 1982.
Gene Roberts and Susan Watterson of Roberts & Roe, Birmingham, for appellant.
Jack E. Held of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Birmingham, for appellee.

ON REHEARING EX MERO MOTU
PER CURIAM.
The original opinion in this case, dated February 26, 1982, is withdrawn and the following opinion is substituted in its place.
In August, 1978, Douglas Frassrand, the president of Securitronics of America, submitted a proposal to the director of security at Bruno's, Inc., Ronald Mahinske, for the purchase or lease of security equipment. The proposal stated the installation price of $900.00, and a monthly rent during a 90-day trial period of $525.00. Later memos indicated that $525.00 was the rent for the entire 3-month trial period. On October 3, 1978, Mr. Mahinske signed a contract for the installation of the system. Bruno's sent the prepaid labor charges to Securitronics on October 13, 1978. Securitronics was to install the system within two weeks after the receipt of the labor charges; however, the system was not installed until six weeks later.
After a series of visits by representatives of Securitronics to correct defects in the system, Bruno's cancelled the agreement to purchase the system on September 5, 1979. Bruno's also requested that Securitronics remove the equipment at their convenience. Bruno's contended that as a result of the *951 various defects in the equipment, it never received a 90-day trial period in which to determine the worthiness of the equipment.
Bruno's also ordered from Securitronics an NCR 255 cash register display system. In April, 1979, Bruno's cancelled the order. Nevertheless, Securitronics delivered and installed the cash register. Bruno's indicated to Securitronics that the NCR 255 cash register was available for retrieval at its convenience, yet Securitronics has not picked up any of the equipment.
Securitronics brought an action against Bruno's, seeking the unpaid balance of the purchase price for the equipment. Bruno's defense was that it never accepted the equipment, and thus could not be liable for the purchase price.
Bruno's also contended that problems with the equipment precluded it from having a ninety-day trial period. The trial court, hearing the evidence ore tenus, rendered a judgment in favor of Bruno's. Securitronics made no motion for findings of fact, a new trial, or a motion to alter, amend or vacate the judgment.
On appeal, Securitronics seeks to raise the issue of the sufficiency of the evidence to support the judgment of the trial court. Bruno's contends that some motion must have been made at the trial level which would give the trial court the opportunity to reconsider its decision before a costly and inconvenient appeal process could be instituted. We cannot agree.
In Francis v. Tucker, 341 So.2d 710 (Ala.1977), this same issue was addressed. In that case, Justice Jones, in his opinion for the majority, stated:
"One other point, raised here by appellee, deserves comment. We frequently find a common misunderstanding of our authority to review the sufficiency of evidence to support a decree absent a motion for a new trial. Where the case is tried to a jury, a motion for a new trial is necessary to invoke a ruling before the appellate court will pass on the weight of the evidence or review findings of a jury. Horn v. Smith, 292 Ala. 503, 296 So.2d 719 (1974).
"Conversely, while the presumption favoring the court's findings of fact (the ore tenus rule) results in infrequent reversals, our authority to review such decree on the issue of sufficiency of the evidence is not dependent upon a motion for a new trial; and this for the reason that the trial Court's ruling on the sufficiency of the evidence is implicit in a decree in which the trial judge was the trier of the facts. Baker v. Citizens Bank of Guntersville, 282 Ala. 33, 208 So.2d 601 (1968)."
341 So.2d at 721 (emphasis added). Thus, it is quite apparent that a motion for a new trial or for findings of fact is not necessary in order for an appellant to obtain review by the appellate court of the sufficiency of the evidence to support the decree of the trial court. See also, Baker v. Citizens Bank of Guntersville, 282 Ala. 33, 208 So.2d 601 (1968).
Thus, the issue of the sufficiency of the evidence must be considered by this Court. The longstanding rule of law in Alabama, however, prevents reversal of the trial court's decision where the evidence was presented ore tenus and the trial court has had the advantage of observing the demeanor of the witnesses, unless the conclusion of the trial court is plainly and palpably contrary to the weight of the evidence. Wood v. City of Huntsville, 384 So.2d 1081 (Ala.1980); Centennial Associates, LTD v. Clark, 384 So.2d 616 (Ala. 1980); Pritchett v. Nathan Rodgers Construction and Realty Corp., 379 So.2d 545 (Ala.1979); Hill v. Abyssinia Missionary Church, 370 So.2d 1389 (Ala.1979). Thus, the findings of the trial court will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom, unless it is plainly and palpably erroneous and manifestly unjust. Knapp v. Knapp, 392 So.2d 527 (Ala.1981); Mayo v. Andress, 373 So.2d 620 (Ala.1979).
Here it appears that there was sufficient evidence to support the decision of the trial court. Testimony showed that after the security equipment was installed in January *952 1979, some six weeks after the time specified in the contract, serious problems were incurred and representatives of Securitronics of America, Inc., had to be called on numerous occasions in attempts to remedy those defects. Evidence was also presented that showed that on September 5, 1979, Isaac Ballard, as an agent for Bruno's, Inc., cancelled the purchase and requested that Securitronics remove the equipment at its convenience.
There is no dispute that Bruno's paid $900.00 in installation and $525.00 for the one month trial period, as specified in the contract. Further evidence showed that Bruno's cancelled the contract because of dissatisfaction with the system and frequent problems that prohibited an adequate test period.
There was also undisputed evidence that Bruno's had ordered an NCR 244 cash register display system and, in April 1979, cancelled the order. There was evidence presented by Securitronics that the cancellation was orally countermanded, but we cannot say that the trial court was plainly and palpably wrong in deciding against Securitronics on this point.
The cash register display system was, nevertheless, delivered and installed and remains at Bruno's, unused. There was sufficient evidence presented that the trial court could have decided that the security system and cash register display system had been made available for retrieval by Securitronics and that they had been notified on that fact.
We hold that there was no plain and palpable error in the trial court's decision. As a result, this Court will not disturb the decision below and the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
FAULKNER, J., dissents.
FAULKNER, Justice (dissenting).
I respectfully dissent.
The majority opinion is bottomed on Francis v. Tucker, 341 So.2d 710 (Ala.1977), and Francis relied on Baker v. Citizens Bank of Guntersville, 282 Ala. 33, 208 So.2d 601 (1968), as its authority. Francis was an equity case holding that a motion for new trial was not necessary to review the sufficiency of the evidence. Under the ARCP, equity has been merged with law in a civil action. Rule 2, ARCP.
Because our Rules of Civil Procedure are modeled after the federal rules, it is logical to assume that only actions in which the trial judge makes findings of fact are exempted from the requirement of a Rule 59 motion.
Rule 52(b) and the Committee Comments indicate that findings of fact by the trial court may serve the same purpose as a motion for a new trial or a motion to alter, amend or vacate the judgmentto permit the trial judge to review the evidence and to perfect the issues for review by the appellate court. By making findings of fact, the trial judge may review the evidence, and discover and correct some error made in his or her judgment. Furthermore, findings of facts and conclusions of law crystallize the basis of the trial court's judgment for the appellate court. Without such a device, fair and adequate review by an appellate court is made exceedingly difficult.
While ARCP 52(a) provides that "[r]equests for findings [of fact] are not necessary for purposes of review," when read in conjunction with Rule 52(b) the phrase indicates that some method of raising grounds for review must be made at the trial level.
I see nothing legally wrong with the majority's position. I simply think that a Rule 59 motion and the trial judge's order thereon present the case in a better posture for review on appeal.