The court's opinion reverses on an issue never contested at the trial level. The appellant not only failed to move for a new trial but also failed to object to the evidence relating to the claim of the former wife, and failed to move to exclude that evidence. Therefore, the appellant has failed to preserve this issue for our review. An issue not raised in the trial court cannot be raised for the first time on appeal. Hutchinsv. Shepard, 370 So.2d 275 (Ala. 1979). The case cited by the majority, Securitronics of America, Inc. v. Bruno's, Inc.,414 So.2d 950 (Ala. 1982), holds only that a motion for a new trial is not a prerequisite for appellate review on the issue of sufficiency of the evidence where the case was tried to a judge, not a jury. This rule does not authorize review of an issue never raised at all in the trial court.
Unless there is a showing that the property award to the appellant was inadequate, the trial judge's error was harmless in relation to the appellant, as noted by Judge Holmes. It may be that the trial court made the award to the first wife out of what was left to the husband after dividing the entire estate. Had the appellant made a timely objection to the evidence of the former wife's claim, the trial court might have clarified the basis of its decision. In the absence of such an objection, we should not assume the trial court's ruling to be erroneous.
Accordingly, I would quash the writ of certiorari as improvidently granted.
ALMON, J., concurs.