EMBRY, Justice.
This is an appeal from a judgment adverse to Glen Smothers and Troy Parker in an action for trespass on lands of Onie Speake, James Speake, Lisa Carol Speake, and Regina Ann Cahela. The judgment was entered after trial before the circuit court without a jury. At the conclusion of the evidence regarding the trespass, and consequential damages flowing from it, damages were fixed in the amount of $10,-500.
Onie Speake holds a life estate in the property; the other Speakes, including Regina Ann Speake Cahela, own the fee.
The evidence shows that in August and September of 1978, Smothers purchased timber rights on property owned by one Ray Rooks. The latter’s property adjoined that of the Speakes. Smothers began cutting the timber on the Rooks property and the Speakes contend that in the process he crossed over onto their land, cutting and removing prime oak timber from it. The actual cutting was done by Parker, under contract with Smothers, who was present at almost all times there was any cutting done. Smothers denied that any timber was cut and removed from the Speake property, but there was evidence that approximately 18,-650 board feet of timber was cut and removed from that land.
After entry of judgment, failing to file a motion for new trial, Smothers and Parker perfected this appeal in which they contend the judgment of the trial court is against the great weight of the evidence.
At the outset, we note that where the trial court was the trier of fact, we review the weight of the evidence without the presumption that would favor correctness of findings by a jury, in which case the weight of the evidence would have been first tested by motion for new trial. In this nonjury case, we review the weight of the evidence without its first having been tested by motion for new trial. See e.g., Francis v. Tucker, 341 So.2d 710 (Ala.1977).
The judgment in this case reads:
“This matter submitted to the Court on a complaint filed for and on behalf of the plaintiffs alleging that the defendants and/or their agent have trespassed upon the real property described in the complaint which belongs to the plaintiffs and as a result and in conjunction with the trespass, have wilfully and maliciously carried away some eighteen thousand six hundred and fifty (18,650) board feet of prime hardwood timber and in addition, has damaged the remaining trees and done damage to the real property being the topography and the lay of the land in carrying out the conversion of the timber hereinabove made reference to.
“This suit was brought in two (2) counts, count I alleging the simple trespass and taking of the property; count II alleging the trespass and conversion of the timber referred to, but also, alleging that it was done with malicious wicked intent and motive.
“The Court, after consideration of the same and hearing the evidence in open court, is of the opinion that the plaintiffs have carried the burden of proof in that they have shown that the defendants and/or their agent have trespassed upon the property of the plaintiffs and that they have converted valuable hard timber to their own use and that they have damaged the land and the remaining timber, and the Court will enter judgment in the amount of TEN THOUSAND FIVE HUNDRED AND NO/100 ($10,500.00) DOLLARS for the plaintiffs against the defendants.
“It is THEREFORE, ORDERED AND ADJUDGED that the plaintiffs shall have and recover of the defendants the sum of TEN THOUSAND FIVE HUNDRED AND no/100 ($10,500.00) DOLLARS as damages for the conversion of the timber and the trespass to the real property in question, together with the costs of this proceeding.”
The evidence in this case is amply sufficient to support the findings contained in that judgment, including the amount of *77 damages awarded. Those damages are based upon actual injury to the land, conversion of the timber thereon, and damage to remaining timber not converted. The evidence likewise supports the finding that the wrongs were done with wilful maliciousness.
In this case there is no need to apply the ore tenus rule, because the weight of the evidence is abundantly favorable to support the judgment which is nowise excessive in amount of damages awarded in it. See e.g., Hogan v. Alabama Power Co., 351 So.2d 1378 (Ala.Civ.App.1977), and Randell v. Banzhoff, 375 So.2d 445 (Ala.1979); the latter for the well known rule that an award of punitive damages is largely in the discretion of the trial court. However, in this case the damages can be justified without including any of a punitive nature.
For the reasons stated, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and ADAMS, JJ., concur.