This is an appeal from a decree establishing the boundary line between coterminous landowners. We affirm.
Boren filed the action against Roberts. The complaint alleged that a dispute had arisen as to the correct position of their common boundary.
Roberts (defendant) acquired the property by two conveyances. The first conveyance from C.V. Yates and Annie Yates occurred in November, 1956, and conveyed the following:
 "Begin at the Northwest corner of the Northwest 1/4 of the Northwest 1/4, Section 14, Township 15, Range 5 West, and run along the Forty line to Highway 78, 350 feet more or less, thence run East along said highway 225 feet, thence North 447 feet more or less to Forty line, thence run West to beginning point 225 feet. Containing two acres more or less."
The second parcel was acquired from Marzell Robbins and Dorthy Robbins in March, 1963. This conveyance contained the following description:
 "Begin at the NW corner of the NW 1/4 Section 14, Township 15, Range 5 West, containing 40 acres more or less. Surface only. And run East along the Forty line to the NE corner of the W. Roberts property line for a point beginning. Thence continue East 100 feet thence South 509 feet more or less to the U.S. Highway (# 78) thence West along said highway (# 78) 100 feet, thence North 471 feet more or less to the point of beginning."
The Robbinses had acquired this second described tract from the Yateses in April, 1960.
Plaintiff Boren's chain of title also originates with the Yateses. In October, 1960, the Yateses conveyed the following described property to Thomas Earl Raines, John Thomas Raines, and Robert Freeman Raines:
 "Begin at the southeast corner of the Marzell Roberts [Robbins] property. Thence run east along U.S. Highway (78) for a distance of 315 feet. Thence run north 210 feet thence run West 315 feet. Thence run south 210 feet to the point of beginning. This lying and being in Walker County and being a part of the NW 1/4 of NW 1/4 of Section 14, Township 15, Range 5 West. Surface only."
In February, 1961, Thomas Earl Raines acquired the property from his co-grantees. In August, 1977, Thomas Earl Raines conveyed the property by the same description to James Dennis. On October 6, 1977, James Dennis conveyed the property, again by the same description, to the plaintiff, Russell Boren.
All of the conveyances in the plaintiff's chain of title find their point of beginning at the southeast corner of the Marzell Robbins property. There is no instrument of conveyance that conveys any portion of the Robbins property to the plaintiff or any of his predecessors in title. It is a portion of the property originally conveyed by Yates to Robbins that the plaintiff is claiming by adverse possession.
A default judgment was entered against the defendant in November, 1979. The trial court set the default judgment aside and held a hearing on the motion. After viewing the property, the trial court fixed the boundary line between the two owners by first finding the correct description of the defendant's property. The court then fixed the east line of the defendant's property as the west line of the plaintiff's property.
On appeal, the appellant argues that the trial court erred in setting aside the default judgment. We cannot agree. Rule 55 (c) of the Alabama Rules of Civil Procedure provides:
 "In its discretion, the court may set aside an entry of default and the court may set aside a judgment by default within 30 days thereafter."
In Oliver v. Sawyer, 359 So.2d 368 (Ala. 1978), we said:
 "It is a primary principle of the Alabama Rules of Civil Procedure that the parties to an action should be afforded a prompt and fair trial upon the merits. It is because of this principle that default *Page 210 
judgments are not favored, and, while the trial court has discretion to grant such judgments, we have frequently held that this exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment."
359 So.2d 368, 369-70. We cannot say that the trial court abused its discretion in setting aside the default judgment in this case.
There is some confusion surrounding a purported amendment to the default judgment based upon an alleged agreement. At the hearing on the defendant's motion to set the default judgment aside, the defendant argued that he had not agreed to a settlement of the matter, and the trial court apparently believed him. Again, this is a matter within the trial court's discretion, and we will not reverse a trial court which allows a hearing on the merits absent a showing of abuse of discretion.
Finally, the appellant argues that the trial court erred in establishing the boundary line as it did, because in doing so it failed to consider substantial evidence of adverse possession on the part of the plaintiff to the disputed strip of land. He also argues that the decree of the trial court is contrary to the weight of the evidence. Again, we cannot agree.
The standard for review in boundary line cases appears inFrancis v. Tucker, 341 So.2d 710 (Ala. 1977), as follows:
 "It is an oft stated rule that a decree establishing a boundary line need not be supported by a preponderance of evidence. If, under any reasonable aspect of the case, the decree is supported by credible evidence, it is due to be affirmed unless palpably wrong or manifestly unjust."
341 So.2d at 711-712. See also, Ferrell v. Shomo Land Co.,345 So.2d 297 (Ala. 1977), and Blair v. Cooper, 392 So.2d 1205
(Ala.Civ.App. 1981).
The statutory provisions governing adverse possession and the fixing of boundary lines appear at § 6-5-200 and § 35-3-1, etseq., Ala. Code 1975, respectively. Under the law of Alabama, a person claiming title by adverse possession against the holder of legal title has the burden of proving actual, clear, definite, positive, notorious, open, continuous, adverse, and exclusive possession of a definite tract of land under a claim of right for the time prescribed by law, and such possession must be shown by clear and convincing evidence. Knowles v.Golden Stream Fishing Club, Inc., 331 So.2d 253 (Ala. 1976); and Carpenter v. Huffman, 294 Ala. 189, 314 So.2d 65 (1975). In the present case there is no dispute that the defendants are the holders of the legal title to the property in question. Indeed, all of the conveyances in the plaintiff's chain of title find their point of beginning at the southeast corner of the defendant's property.
Suffice it to say that the trial court was justified under the evidence in concluding that the plaintiff had not adversely possessed the disputed tract for the requisite ten years. Indeed, there was evidence from which the trial court could have found that the use of the disputed tract was permissive. Either finding would defeat the plaintiff's claim of adverse possession.
In the instant case there is no dispute that the defendant is the holder of record title. The plaintiff failed to establish title by adverse possession by "clear and convincing evidence." There is sufficient credible evidence to support the findings of the trial court in placing the line between the parties in accordance with the documents of title. The ore tenus rule is applicable. The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur. *Page 211