Two judgments were entered by the trial court against the defendant, Agio Industries, Inc., a Texas corporation. The first was a default judgment in favor of Delta Oil Company, an Alabama corporation. The second was in favor of Pesco, Inc., also an Alabama corporation, on a cross-claim that had been filed by Agio. The trial *Page 341 
court denied Agio's motion to set aside these judgments. Agio appeals.
In 1980 Delta purchased six gasoline pump computers from Pesco. The computers, which were installed by Pesco, had been purchased by Pesco from Agio, the manufacturer. Allegedly, Delta started experiencing problems with the computers almost immediately. After numerous unsuccessful attempts were made to satisfactorily remedy the problems, the computers were removed from operation. Ultimately, Delta filed suit against both Pesco and Agio. The complaint set out two counts. The first count alleged the breach of an express warranty and was directed at both Pesco and Agio. The second count, also directed at both Pesco and Agio, alleged the breach of an implied warranty of fitness for a particular purpose. Both defendants filed answers which generally denied the allegations of liability contained in the complaint. Subsequently, the co-defendants filed cross-claims against each other seeking indemnification against Delta's claim.
In November 1984, Delta filed an amended complaint in which it set out three separate counts. The first count simply re-alleged the express warranty claim against both Pesco and Agio. The second and third counts were directed only against Pesco and alleged their breach of the implied warranties of merchantability and fitness for a particular purpose. Pesco filed an answer generally denying the allegations of the amended complaint. Agio did not file an answer to this amended complaint.
When the case was called for trial in March 1984, with counsel for Agio present, Delta moved for a default judgment against Agio for its failure to answer the amended complaint. The motion was granted. At the same time, Pesco moved for judgment in its favor on the cross-claim Agio had filed against it. This was also granted. After a subsequent hearing to determine damages, final judgment was entered on the Delta claim in the amount of $7,895.64. A motion to set aside these judgments was denied. We review the Delta default judgment first.
The denial of a motion to set aside a default judgment is within the sound discretion of the trial court. Boren v.Roberts, 423 So.2d 208 (Ala. 1982). Such a denial may be reversed only if the trial court has abused its discretion.Wade v. Pridmore, 361 So.2d 511 (Ala. 1978). However, because court policy favors the determination of cases on their merits, default judgments are not favored. Cockrell v. World's FinestChocolate Co., 349 So.2d 1117 (Ala. 1977). If there is any doubt as to the propriety of a default judgment, the court's discretion must be resolved in favor of the defaulting party.See Boren, supra; Lawler Mobile Homes, Inc. v. Ellison,361 So.2d 1092 (Ala.Civ.App. 1978).
Initially, we note that Agio has pleaded the requisite meritorious defense. See Roberts v. Wettlin, 431 So.2d 524
(Ala. 1983). They simply assert that there is no privity of contract between itself and Delta. As only economic loss is claimed by Delta, recovery on any breach of warranty claim requires privity of contract. See Chandler v. Hunter,340 So.2d 818 (Ala. 1976); Wear v. Chenault Motor Co., 52 Ala. App. 382,293 So.2d 298, cert. denied, 292 Ala. 756, 293 So.2d 301
(1974). See also § 7-2-318, Code of Alabama 1975. We do not decide here whether or not it is possible for Delta to establish the required privity at a trial on the merits.
The trial court's order of judgment asserts that the default judgment was entered because Agio, when the case was called for trial, "was only represented by counsel and . . . had no other representative present at said trial and . . . had not filed an answer to the plaintiff's last amended complaint." On the narrow facts of this case, we hold that the trial judge has abused his discretion. These findings do not support the default judgment.
It is clear from the record that Agio had actively participated in and defended this case from its inception until the time that the case was called for trial. Numerous *Page 342 
motions and discovery requests were filed and responded to by all parties. The only real basis asserted for the finding of default was Agio's failure to respond to Delta's amended complaint.
A review of the pleadings reveals that there was no new claim asserted against Agio in the amended complaint. It simply re-alleged the same express warranty claim that had been alleged in the original complaint. While the better practice is to either answer such a pleading or, in the alternative, move to strike it under Rule 12 (f), A.R.C.P., some doubt exists as to whether a response to an amended complaint is always required. The probable answer is that a response is required.See Zeigler v. Baker, 344 So.2d 761 (Ala. 1977) ("An amended pleading pro tanta supersedes a pleading which it amends.");Holley v. St. Paul Fire Marine Insurance Co., 396 So.2d 75
(Ala. 1981) (where the court noted that once an amended pleading is interposed, the original pleading no longer performs any function in the case, thus, a ruling on a motion to dismiss a prior complaint is unnecessary); Hawk v. BavarianMotor Works, 342 So.2d 355 (Ala. 1977) (an amended complaint adding a new count must be answered under Rule 8 (d), A.R.C.P.). However, no Alabama appellate court has heretofore determined whether an amended complaint that adds nothing to the original complaint as against a defendant requires a response. At least two recognized authorities suggest that a new pleading to an amended complaint is not necessary where the original answer is responsive to the amended complaint. Seegenerally 71 C.J.S. Pleading § 314 (1951); 61 Am.Jur.2dPleading § 333 (1981). We do not decide the issue here, as it is not necessary to this decision. We merely opine that because the necessity of a response to a redundant count in an amended complaint has not yet been decided by an Alabama court, there existed some doubt as to the propriety of the default judgment granted to Delta. Because the granting of a default judgment when doubt as to its propriety exists may constitute an abuse of discretion, we reverse the trial court's denial of Agio's motion to set aside the default judgment granted Delta. The most that can be said of Agio's failure to respond is that it was "reasonably excusable." See Lightner Investigators, Inc. v.Goodwin, 447 So.2d 679 (Ala. 1984).
It is not clear from the record exactly why the trial court dismissed Agio's cross-claim against Pesco. The order itself suggests that the dismissal was simply predicated upon the default judgment granted Delta. As we have reversed that predicate, it follows that the dismissal of the cross-claim was also erroneous. Beyond this, our review of the law has not disclosed any authority for such a dismissal, and none has been cited to us by the parties. Counsel for Pesco has made a labored argument that the dismissal was for want of prosecution. Assuming such to be the case, we reverse.
A dismissal for want of prosecution is within the discretion and inherent power of the trial court, and such dismissal will be reversed only where the court has abused its discretion.Selby v. Money, 403 So.2d 218 (Ala. 1981). However, such a harsh sanction should be used only in extreme circumstances.Id.
In Alabama, the interest in disposing of litigation on the merits can be overcome by a clear record of delay, willful default or contumacious conduct by the offending party. Willful default or conduct entails a conscious or intentional failure to act, not simply an accidental or involuntary noncompliance.Id.
Our review of the record does not reveal any such willful default or contumacious conduct on Agio's part. Though Agio had no witnesses present, which were arguably necessary to prosecute the cross-claim when the case was called to trial, this was not designed to delay the trial in any way. Agio could not have foreseen the erroneous granting of the default judgment in Delta's favor. Counsel for Agio stated in open court that the witnesses were scheduled to arrive at a later time. We cannot say that this attempt to economically use his *Page 343 
witnesses' time constituted an intentionally contumacious act. The most that can be said of the absence of witnesses is that it was "reasonably excusable." See Lightner Investigators,supra.
For the reasons expressed, we conclude that it was error to deny Agio's motion to set aside the judgments taken against it by both Delta and Pesco. The judgments are reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.