495 So.2d 83 (1986)
Ex parte Paula VAUGHN.
(Re Paula Vaughn v. State).
84-739.
Supreme Court of Alabama.
June 13, 1986.
*84 Stephen P. Bussman, Fort Payne, for petitioner.
Charles A. Graddick, Atty. Gen., and James B. Prude, Asst. Atty. Gen., for respondent.
HOUSTON, Justice.
Paula Vaughn, the petitioner herein, was adjudicated a delinquent by the Juvenile Court of DeKalb County after she was found to have committed the offense of assault in the first degree as charged in the petition. As a result of that court's adjudging her to be a delinquent child, the petitioner was placed in the care and control of the Alabama Department of Youth Services.
On appeal to the Court of Criminal Appeals, the petitioner contended that the evidence introduced at trial was insufficient to support the juvenile court's findings. However, the Court of Criminal Appeals affirmed, 495 So.2d 82, refusing to review that issue on the ground that it was not initially raised in the juvenile court and thus was not preserved for review on appeal. After the Court of Criminal Appeals overruled the petitioner's application for rehearing, she filed a petition for writ of certiorari, which we granted. We now reverse and remand.
As required by § 12-15-65(c), Code 1975, the juvenile court made the following findings of fact in this case:
"This cause coming to be heard and said child and her mother, Judy Vaughn, the Hon. Michael O'Dell, Assistant District Attorney, and Hon. Stephen Bussman, counselor, being present in Court, having explained the nature of the proceedings to them, and the Court having heard the evidence finds the following facts; said child is a female child under 18 years and about 16 years of age and did with intent to cause serious physical injury to another person, cause serious injury to David Leath by means of a deadly weapon, or a dangerous instrument, to-wit: by cutting said David Leath with a butcher knife in the chest area and on the hand, in violation of 13A-6-20 of the Code of Alabama, against the peace and dignity of the State of Alabama ASSAULT1st Degree (Felony) as charged in the petition, is delinquent, in need of the care and protection of the state, and is declared to be a ward of the Court, and it further appearing to the Court that it is to the best interest of said Paula Gail Vaughn that she be committed to the Alabama Department of Youth Services."
The record shows, and in fact the State concedes, that the petitioner did not commit the offense of assault in the first degree because there was no serious physical injury to the victim.[1]
In Scott v. State, 374 So.2d 316 (Ala. 1979), the Court stated:
"Under our Juvenile Code, the delinquency jurisdiction of the juvenile court is restricted solely to cases in which the *85 juvenile has committed a crime under the laws of this state, or under the laws of another state in which the act is committed, or under federal law or where the juvenile has violated a municipal ordinance. Code 1975, § 12-15-1(8), (9). The delinquency petition must specifically allege the acts which bring the juvenile within the court's jurisdiction. Code 1975, § 12-15-65(b). At the hearing, it must be proved beyond a reasonable doubt that the juvenile committed the acts ascribed to him or her, and this finding must be based on evidence which is competent, relevant and material. Code 1975, § 12-15-65(d). If the court finds that the allegations in the petition have not been established, it must dismiss the petition. Code 1975, § 12-15-65(c). Thus, our juvenile statute echoes the general common-law principle of due process which requires the reversal of a conviction where there is a material variance between the allegations and the proof. See, e.g., Wideman v. State, 269 Ala. 49, 110 So.2d 298 (1959); Taylor v. State, 47 Ala.App. 285, 253 So.2d 354 (1971)...."
See also Driskill v. State, 376 So.2d 678 (Ala.1979) (an adjudication of delinquency must be reversed if there is a material variance between the allegations of the delinquency petition and the proof introduced at trial).
Therefore, it is clear that in the present case the adjudication of delinquency must be reversed unless the issue concerning the sufficiency of the evidence was not subject to review on appeal.
Rule 1 of the Alabama Rules of Juvenile Procedure provides:
"These rules govern the procedure for all matters in the juvenile court. If no procedure is specifically provided in these rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to the extent not inconsistent herewith."[2]
The issue with which we are concerned is not dealt with specifically in the juvenile rules or by statute.[3] We therefore turn to the Rules of Civil Procedure. Because hearings in the juvenile court are conducted by the court without a jury (see § 12-15-65(a), Code 1975), Rule 52 is applicable. It reads as follows:
"RULE 52. FINDINGS BY THE COURT
"(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court may upon written request and shall when required by statute, find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court may similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Request for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions *86 under Rules 12 or 56 or any other motion except as provided in Rule 41(b).
"(b) Amendment. Upon motion of a party filed not later than 30 days after judgment or entry of findings and conclusions the court may amend its findings or make additional findings or may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment or a motion for a new trial. (Amended effective July 1, 1983.)
"(dc) District Court Rule. Rule 52 applies in the district courts except that the time period of 30 days in Rule 52(b) is reduced to 14 days." (Emphasis added.)
Rule 52(b), supra, is deceptively captioned "Amendment." In addition to providing a procedure for the post-trial amendment of findings and judgments, it contains a provision allowing a party to make an appellate attack on the sufficiency of the evidence without having first raised the issue at the trial level. See 2 C. Lyons, Jr., Alabama Practice: Alabama Rules of Civil Procedure Annotated, p. 255 (1973). The rule expressly authorizes an appellate challenge of the sufficiency of the evidence to support the trial court's findings, notwithstanding a party's failure to raise that question in the trial court by way of an objection to the findings, a motion to amend them, a motion for a new trial, or a motion for judgment.[4]
The reasons for the rule can be discerned from the majority and dissenting opinions of the Court in Securitronics of America, Inc. v. Bruno's, Inc., 414 So.2d 950 (Ala. 1982). In that case Securitronics brought an action against Bruno's, seeking the unpaid balance of the purchase price for certain equipment. One of the defenses was that Bruno's had never accepted the equipment, and thus could not be liable for the purchase price. The trial court, having heard ore tenus evidence, made no written findings of fact and rendered a judgment in favor of Bruno's. Securitronics made no motion for findings of fact, a new trial, or a motion to alter, amend, or vacate the judgment. On appeal, Securitronics sought to raise the issue of the sufficiency of the evidence to support the judgment of the trial court. Bruno's contended that some motion must have been made at the trial level which would have given the trial court the opportunity to reconsider its decision before a costly and inconvenient appeal process could be instituted. In disagreeing with Bruno's, a majority of the Court stated:
"In Francis v. Tucker, 341 So.2d 710 (Ala.1977), this same issue was addressed. In that case, Justice Jones, in his opinion for the majority, stated:
"`One other point, raised here by appellee, deserves comment. We frequently find a common misunderstanding of our authority to review the sufficiency of evidence to support a decree absent a motion for a new trial. Where the case is tried to a jury, a motion for a new trial is necessary to invoke a ruling before the appellate court will pass on the weight of the evidence or review findings of a jury. *87 Horn v. Smith, 292 Ala. 503, 296 So.2d 719 (1974).
"`Conversely, while the presumption favoring the court's findings of fact (the ore tenus rule) results in infrequent reversals, our authority to review such decree on the issue of sufficiency of the evidence is not dependent upon a motion for a new trial; and this for the reason that the trial Court's ruling on the sufficiency of the evidence is implicit in a decree in which the trial judge was the trier of the facts. Baker v. Citizens Bank of Guntersville, 282 Ala. 33, 208 So.2d 601 (1968).'
"341 So.2d at 721 (emphasis added). Thus, it is quite apparent that a motion for a new trial or for findings of fact is not necessary in order for an appellant to obtain review by the appellate court of the sufficiency of the evidence to support the decree of the trial court. See also, Baker v. Citizens Bank of Guntersville, 282 Ala. 33, 208 So.2d 601 (1968)."
In his dissent in Securitronics, Justice Faulkner noted:
"Because our Rules of Civil Procedure are modeled after the federal rules, it is logical to assume that only actions in which the trial judge makes findings of fact are exempted from the requirement of a Rule 59 motion.
"Rule 52(b) and the Committee Comments indicate that findings of fact by the trial court may serve the same purpose as a motion for a new trial or a motion to alter, amend or vacate the judgmentto permit the trial judge to review the evidence and to perfect the issues for review by the appellate court. By making findings of fact, the trial judge may review the evidence, and discover and correct some error made in his or her judgment. Furthermore, findings of fact and conclusions of law crystallize the basis of the trial court's judgment for the appellate court. Without such a device, fair and adequate review by an appellate court is made exceedingly difficult.
"While ARCP 52(a) provides that `[r]equests for findings [of fact] are not necessary for purposes of review,' when read in conjunction with Rule 52(b) the phrase indicates that some method of raising grounds for review must be made at the trial level.
"I see nothing legally wrong with the majority's position. I simply think that a Rule 59 motion and the trial judge's order thereon present the case in a better posture for review on appeal."
Thus, even though the Court, under the facts in that case, was not in full agreement as to when a party should be exempted from the requirement of a Rule 59 motion, the reasons expressed in both the majority opinion and the dissenting opinion are enlightening as to an understanding of Rule 52(b). Rule 52(b) provides an exemption from the requirement of invoking a ruling by the trial court on the issue of evidentiary insufficiency when written findings of fact are made. The trial court's ruling on the sufficiency of the evidence is implicit in a decree in which the trial judge is the trier of the facts. Moreover, by making written findings of fact, the trial judge has had the additional opportunity to reconsider the evidence and discover and correct any error in judgment which he or she may have made upon initial review. Thus, when written findings of fact are made, they serve the same useful purpose as does an objection to the trial court's findings, a motion to amend them, a motion for a new trial, and a motion to dismiss under Rule 41(b), suprato permit the trial judge an opportunity to carefully review the evidence and to perfect the issues for review on appeal.
The issue of the sufficiency of the evidence to support the juvenile court's findings of fact was properly before the Court of Criminal Appeals in the present case and it erred in summarily affirming without a review. Had it considered the matter on the merits, it would have been compelled to reverse and remand on the authority of Scott v. State, supra. The petitioner was adjudicated a delinquent *88 based upon a clearly erroneous finding by the juvenile court.
We hold, therefore, that the juvenile court's error was preserved for review on appeal and, accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the cause for entry of judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
NOTES
[1] "(a) A person commits the crime of assault in the first degree if:

"(1) With intent to cause serious physical injury to another person, he [or she] causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument...." § 13A-6-20(a)(1), Code 1975.
[2] Because juvenile jurisdiction may be exercised by district courts as well as by circuit courts, the Alabama Rules of Civil Procedure referred to in the juvenile rule contemplate the civil rules as modified for applicability in the district courts where juvenile jurisdiction is exercised at the district court level. Committee Comments to Rule 1, Ala.R.Juv.P.
[3] Rule 25, Ala.R.Juv.P., in pertinent part, provides as follows:

"If the allegations of the petition are denied, the court shall direct that testimony of witnesses be taken. The conduct of the hearing shall be consistent with legal and due process requirements and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury, except that the child may not be compelled to be a witness...." (Emphasis added.)
[4] The reference in the rule to a "motion for judgment" appears to be to a motion for involuntary dismissal pursuant to Rule 41(b), Ala.R. Civ.P. That rule, in pertinent part, reads as follows:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court may make findings as provided in Rule 52(a)...."