I concur in the result because the question of the sufficiency of the evidence is *Page 561 
not before us. If a court makes findings of fact in a nonjury case, Rule 52(b), Ala.R.Civ.P., excuses the losing party from objecting to the findings or moving to amend them or moving for a judgment or a new trial as a predicate for an appellate attack on the sufficiency of the evidence. By negative implication, such steps are required when the court makes no findings of fact.
The main opinion follows Ex parte Vaughn, 495 So.2d 83 (Ala. 1986), thereby treating a judgment in a nonjury case that contains no findings as an implicit finding on the issue of the sufficiency of the evidence. Vaughn is based on Securitronics of America,Inc. v. Bruno's, Inc., 414 So.2d 950 (Ala. 1982). Securitronics
followed Francis v. Tucker, 341 So.2d 710 (Ala. 1977), a decision grounded upon an analysis of a pre-Rules decision, Baker v.Citizens Bank of Guntersville, 282 Ala. 33, 208 So.2d 601 (1968).Francis cited Baker for the proposition that "the trial Court's ruling on the sufficiency of the evidence is implicit in a decree in which the trial judge was the trier of the facts." Francis, 341 So.2d at 712.
Rule 52(a) differs from the parallel Federal rule by providing that findings of fact are optional rather than mandatory. Hence, Rule 52(b) clearly functions in a setting where there can be two forms of judgment — one with findings and one without. The main opinion indicates that neither form of judgment requires a challenge in the trial court. Under this construction, I cannot imagine a situation in a nonjury case necessitating the predicate attack in the trial court as a prerequisite for appellate review of the question of sufficiency of the evidence.
The main opinion has simply construed the last sentence of Rule 52(b) so as to give it no field of operation. If the result of that construction is deemed preferable to the result now required by the plain meaning of Rule 52(b), I would prefer to amend the last sentence of that rule to read as follows:
 "Regardless of whether the court has made findings of fact, in all actions tried by the court without a jury the question of the sufficiency of the evidence to support the judgment may thereafter be raised, whether or not the party raising the question has in the trial court objected to the judgment or moved to amend it or has moved for a judgment or for a new trial."
Rule 52(b) has not been so revised. Therefore, for now, I can concur only in the result.
COOK and BROWN, JJ., concur.