COBB, Judge,
dissenting.
In its unpublished memorandum, the majority states that C.M.R. “was adjudicated delinquent based on a charge of second-degree criminal mischief, a violation of § 13A-70-22, Ala.Code 1975.” C.M.R. was accused of throwing a rock that struck and damaged a patrol car. The majority states that the parties stipulated that the patrol car sustained $127.50 worth of damage. The majority also acknowledges that the statute defining criminal mischief in the second degree provides that to constitute second-degree criminal mischief the damage to property must exceed $250, while the statute defining criminal mischief in the third degree provides that the damage to property must not exceed $250. Notwithstanding the foregoing, in response to C.M.R.’s allegation on appeal that the State did not sustain its burden of proof in a delinquency adjudication for criminal mischief in the second degree because the damage did not exceed $250, the majority finds no error. The majority offers the following reasons in its attempt to support its conclusion: 1) that, after C.M.R. argued that the State had failed to establish the elements of the charged offense, the prosecutor argued that the complaint could be amended to charge third-degree criminal mischief; and 2) that the juvenile court’s order simply stated that C.M.R. committed “an offense,” and the juvenile court did not state that its adjudication was based on a finding of second-degree criminal mischief.
It was with some initial hesitancy that I decided to dissent in this case. The juvenile court judge knew the law, and the case was tried to the judge and not to a jury. *165 With the proverbial “wink and a nod,” I could have argued that the trial court had obviously intended to allow the State to amend the complaint to charge third-degree criminal mischief but that it had failed to state its intent for the record. Or I could have argued that, although the trial court had faded to state in its order that it was adjudicating C.M.R. delinquent based on a charge of third-degree criminal conduct, it had intended to do so. I could make neither of those arguments in good faith, however, because those arguments are supported by neither the record nor the law.
“Recognizing the quasi-criminal nature of delinquency proceedings, we have recently held that due process and our Juvenile Code require that an adjudication of delinquency be reversed if there is a material variance between the allegations of the delinquency petition and the proof introduced at trial. Scott v. State, 374 So.2d 316 (Ala.1979). Lest this leave any room for confusion, we now hold, based on the reasoning of that case, that the allegations of a delinquency petition must be tested by the same standards of sufficiency as a criminal complaint for indictment.”
Driskill v. State, 376 So.2d 678, 679 (Ala.1979). In Ex parte Vaughn, 495 So.2d 83 (Ala.1986), the Alabama Supreme Court reversed the judgment of this Court and held that the juvenile had been erroneously adjudicated delinquent on a charge of first-degree assault. In that case, the Court stated, “The record shows, and in fact the State concedes, that the petitioner did not commit the offense of assault in the first degree because there was no serious physical injury to the victim.” Id. at 84 (footnote omitted). The Court did not simply enter a judgment on a lesser-included offense. The holdings of Ex parte Vaughn and Driskill v. State do not support the majority’s decision in the ease before us.
In this case, the State failed to prove a prima facie case of second-degree criminal mischief, because, as the parties stipulated, the amount of damage involved was below the statutory limit for that offense. It is possible that the juvenile judge intended to grant the State’s motion to amend the charge but failed to do so on the record. It is also possible that the judge intended to adjudicate C.M.R. delinquent based on a charge of third-degree criminal mischief but failed to state this on the record or in its order. The juvenile judge, as the fact-finder in this case, was authorized to find that C.M.R. committed third-degree criminal mischief and to state that finding on the record. The fact remains, however, that the record does not reflect either that the complaint was amended to charge the lesser offense or that C.M.R. was adjudicated on an offense other than the one with which he was charged. At a minimum, this Court should remand the cause to give the juvenile judge the opportunity to clarify the record and its order, or to order that court to adjudicate C.M.R. delinquent based on a finding that he committed third-degree criminal mischief. See M.T.R. v. State, 620 So.2d 753 (Ala.Crim. App.l993)(where the evidence was insufficient to establish the charge of first-degree assault, the cause was remanded for the juvenile court to adjudicate M.T.R. delinquent on the underlying charge of assault in the second degree). The record, as it now appears before us, indicates that C.M.R. was adjudicated delinquent based on a finding of criminal mischief in the second degree, and this adjudication will appear in any subsequent proceeding C.M.R. might have in juvenile court. Even this Court’s unpublished memorandum states that C.M.R. was adjudicated “based on a charge of second-degree criminal mischief....” This error, although admittedly relatively minor, should not be *166 ignored or skirted. Doing so is fundamentally unfair to C.M.R. and, I believe, it shows a disregard for the law and for the importance of accuracy in criminal records.
The majority cites Ex parte N.W., 748 So.2d 190 (Ala.1999); however, that case does not support its holding on this issue. The majority cites Ex parte N.W. for the proposition that specification of an offense in a delinquency petition constitutes a charge of that offense and all lesser-included offenses. I do not disagree with that oft-stated proposition of law, but it does not address the fundamental error in this case. Nothing in the record in C.M.R.’s case indicates that the trial court actually adjudicated C.M.R. delinquent on the lesser offense. As I noted above, the record, as it stands before us, suggests that C.M.R. was adjudicated based on a finding that he committed the greater offense of criminal mischief in the second degree.
I believe that this case should be remanded to address this fundamental error. Accordingly, I dissent.