MOORE, Judge,
concurring in the result.
On appeal, C.M.R. (“the mother”) contends that the juvenile court used the wrong legal standard to determine the dependency of the children and that the record does not contain sufficient evidence to support the dependency findings made by the juvenile court. Taking the issues out of order, I first conclude that we cannot consider the issue as to the sufficiency of the evidence because the mother failed to file a postjudgment motion directed to that alleged error.
Rule 1(B), Ala. R. Juv. P., requires the filing of a postjudgment motion in a juvenile case when such a motion is required by the Alabama Rules of Civil Procedure. Under Rule 52(b), Ala. R. Civ. P., in cases in which a judge, sitting without a jury, enters a judgment containing no specific findings of fact, a litigant challenging the sufficiency of the evidence to support that judgment must file a postjudgment motion raising that issue in order to preserve it for appeal. See New Props., L.L.C. v. Stewart, 905 So.2d 797, 801-02 (Ala.2004).
In this case, the juvenile court did not make any specific findings of fact as to the grounds for its findings of dependency. The petitioners alleged several alternative grounds[6] for dependency, and the juvenile court could have found the children dependent based on any of those grounds, or *383 even on other grounds supported by the evidence that were not alleged in the petitions. See M.M.S. v. D.W., 735 So.2d 1230, 1232 (Ala.Civ.App.1999) (“However, contrary to the mother’s argument, the juvenile court can find a child dependent based upon grounds not asserted in the dependency petition. Martin v. State Dep’t of Human Resources, 502 So.2d 769, 770 (Ala.Civ.App.1987) (stating that this court did not need to ‘find that the Department [of Human Resources] proved the specific grounds alleged in the petitions because we [found] that the juvenile court had other sufficient grounds for determining that the children are dependent.’).”). By filing a postjudgment motion attacking the sufficiency of the evidence, the mother would have provided the juvenile court “an opportunity to carefully review the evidence and to perfect the issues for review on appeal.” Ex parte Vaughn, 495 So.2d 83, 87 (Ala.1986). Without a postjudgment motion, however, the juvenile court was not provided an opportunity to reconsider the evidence, to clarify its findings, to correct any errors made in its judgments, or to crystallize the issues for appellate review. See id.
In an analogous case from the Court of Criminal Appeals, N.L.H. v. State, 873 So.2d 258 (Ala.Crim.App.2003), a juvenile court adjudicated a child to be delinquent without making specific findings of fact. The juvenile filed a postjudgment motion but did not challenge the weight or sufficiency of the evidence of delinquency. The juvenile attempted to argue that point on appeal, but the Court of Criminal Appeals held that the failure of the juvenile to raise the issue in a postjudgment motion precluded appellate review. To support its position, the court cited Ex parte James, 764 So.2d 557 (Ala.1999), a plurality opinion, the reasoning and holding of which our supreme court later adopted in Stewart, 905 So.2d at 801-02. It follows that, under Stewart, a mere adjudication of dependency does not equate to a specific finding of fact that will excuse the filing of a post-judgment motion raising the issue of the sufficiency of the evidence to support the finding of dependency.
Although I do not agree with the standard of review used by the main opinion, see Ex parte Mclnish, 47 So.3d 767 (Ala. 2008) (establishing the standard of review for all judgments required to be supported by clear and convincing evidence), the manner in which it is applied, see Payne v. Payne, 48 So.3d 651 (Ala.Civ.App.2010) (holding that ore tenus rule requires party with burden of proof to present some positive evidence supporting claim and factual finding cannot be based solely on determination that opposing party did not testify credibly in denying the claim), or, for that matter, any of the analysis employed by the main opinion, I agree that the judgments cannot be reversed due to a lack of sufficient evidence because, as discussed above, the mother failed to file a post-judgment motion challenging the sufficiency of the evidence.
As to the mother’s second issue, I find río basis in the record for concluding that the juvenile court used the best-interests-of-the-child standard in' finding the children dependent, as the mother argues. The mother also incorrectly asserts that the juvenile court was required to make an express finding of unfitness under Ex parte Terry, 494 So.2d 628 (Ala.1986), in order to sustain a finding of dependency; however, our caselaw has consistently rejected that point, as the main opinion explains. 144 So.3d at 278. In many cases, such as this one, in which children are alleged to be dependent because of the *384 conduct, condition, or circumstances of the custodial parent, a finding of unfitness is subsumed in a finding of dependency, so an express finding of unfitness would be superfluous. See F.G.W. v. S.W., 911 So.2d 1, 6-7 (Ala.Civ.App.2004) (Murdock, J., dissenting).

. Although, in its judgments, the juvenile court expressly denied the petitions of the maternal grandmother, it is apparent from the overall substance of the judgments, as well as from comments made by the juvenile court during the dispositional phase of the dependency proceedings, that the juvenile court merely intended to deny the maternal grandmother’s claim for custody, not to dismiss her dependency allegations. See Moore v. Graham, 590 So.2d 293, 295 (Ala.Civ.App. 1991) ("Judgments are to be construed like other written instruments. The rules applicable to the construction and interpretation of judgments are those applicable to the construction and interpretation of contracts. Hanson v. Hearn, 521 So.2d 953 (Ala.1988). Separate provisions of judgments, like provisions of contracts, should be construed in pari materia, and the entire judgment — all provisions considered — should be read as a whole *383 in the light of all the circumstances, as well as of the conduct of the parties. Id.”).