Rel: August 2, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

———————————————

## CL-2024-0048

———————————————

## Nathan Wayne Jones

### v.

## Martha Dale Jones

## Appeal from Etowah Circuit Court
## (DR-23-900039)

MOORE, Presiding Judge.

Nathan Wayne Jones ("the husband") appeals from a judgment entered by the Etowah Circuit Court ("the trial court") divorcing him from Martha Dale Jones ("the wife"). We reverse the trial court's judgment and remand the case for the trial court to make those findings necessary to comply with Ala. Code 1975, § 30-2-57(b).

The parties married on February 22, 2010. The husband filed a complaint for a divorce on February 16, 2023. The wife filed an answer and a counterclaim for a divorce on March 8, 2023. On October 4, 2023, the trial court conducted a bench trial, and, on December 7, 2023, the trial court entered a judgment of divorce. In the divorce judgment, the trial court, among other things, awarded the wife $1,250 per month in periodic alimony. The divorce judgment provides, in pertinent part:

> "After considering the length of the parties' marriage, the age and the health of each party, the ability of each party to be self-supporting, the income of both parties, and the standard of living during the marriage, the [c]ourt hereby Orders [the husband] to pay to [the wife] the amount of $1,250.00 each month as periodic alimony."

On December 22, 2023, the husband filed a postjudgment motion in which he argued, among other things, that the periodic-alimony award violated Ala. Code 1975, § 30-2-57. On January 3, 2024, the trial court denied the husband's postjudgment motion. The husband timely appealed the divorce judgment to this court on January 19, 2024.

On appeal, the husband reiterates the arguments that he made in his postjudgment motion. He first maintains that, pursuant to § 30-2-

57(b)(1), the trial court could not have properly awarded the wife periodic alimony without expressly determining that rehabilitative alimony was not feasible. Alternatively, the husband contends that, if the trial court properly awarded the wife periodic alimony, it erroneously failed to limit the duration of the award in compliance with Ala. Code 1975, § 30-2-57(g) ("Except upon a finding by the court that a deviation from the time limits of this section is equitably required, a person shall be eligible for periodic alimony for a period not to exceed the length of the marriage, as of the date of the filing of the complaint, with the exception that if a party is married for 20 years or longer, there shall be no time limit as to his or her eligibility."). We consider the first issue to be dispositive of this appeal.

Section 30-2-57(a) provides:

"Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:

"(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

3

"(2) The other party has the ability to supply those means without undue economic hardship.

"(3) The circumstances of the case make it equitable."[1]

Section 30-2-57(b) provides:

"If a party has met the requirements of subsection (a) [of § 30-2-57], the court shall award alimony in the following priority:

"(1) Unless the court expressly finds that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court expressly finds that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially

---

[1]In his appellate brief, the husband argues that the evidence would not support a determination that the wife proved a need for alimony as required by Ala. Code 1975, § 30-2-57(a)(1) however, that issue was not raised to the trial court and has not been properly preserved for appellate review. See Rieger v. Rieger, 147 So. 3d 421, 429 (Ala. Civ. App. 2013). In his postjudgment motion, the husband did not challenge the sufficiency of the evidence proving that the wife lacked a sufficient estate to maintain the marital standard of living, which would have allowed this court to raise the noncompliance with § 30-2-57(a)(1) ex mero motu. See Merrick v. Merrick, 352 So. 3d 770, 775 (Ala. Civ. App. 2021).

> acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage ...."

Section 30-2-57(b)(1) provides that, after making those findings required by § 30-2-57(a), a trial court should award the recipient spouse rehabilitative alimony "[u]nless the court expressly finds that rehabilitative alimony is not feasible." "Rehabilitative alimony" refers to "'temporary financial support for a former spouse while the former spouse undergoes vocational rehabilitation in order to restore or improve his or her earning capacity and become self-supporting.'" Prakash v. Pandey, 331 So. 3d 1158, 1172 n.15 (Ala. Civ. App. 2021) (quoting Seymour v. Seymour, 241 So. 3d 733, 741 (Ala. Civ. App. 2017)). An award of rehabilitative alimony may not be feasible when the former spouse cannot be rehabilitated, a good-faith attempt at rehabilitation has failed, or vocational rehabilitation cannot fully enable the former spouse to maintain the marital standard of living. See § 30-2-57(b)(2). A trial

court may award periodic alimony only if it expressly finds that rehabilitative alimony is not feasible for one or more of those reasons. Id.

As this court recently explained in White v. Jones, [Ms. CL-2023-0511, Feb. 16, 2024] ___ So. 3d___ (Ala. Civ. App. 2024), when a court violates § 30-2-57(b) by awarding periodic alimony without making an express finding that rehabilitative alimony is not feasible, the judgment must be reversed. "The general purpose of making specific findings of fact is to allow the trial court 'to carefully review the evidence and to perfect the issues for review on appeal.'" Id. at ___ (quoting Ex parte Vaughn, 495 So. 2d 83, 87 (Ala. 1986)). The legislature enacted § 30-2-57(b) to assure that a trial court would not award periodic alimony without carefully considering and rejecting rehabilitative alimony as a feasible remedy and to clearly apprise the appellate courts of its decision. When a trial court fails to comply with § 30-2-57(b), this court cannot assume that it considered and rejected the feasibility of rehabilitative alimony; instead, this court must reverse the judgment and remand the case to the trial court for it to make the necessary written determinations.

6

In this case, the trial court violated § 30-2-57(b). In the judgment of divorce, the trial court stated that it had considered the length of the parties' marriage, the age and health of the parties, the ability of each party to be self-supporting, the incomes of both parties, and the standard of living of the parties during the marriage, which are some of the statutory factors relevant to an alimony determination, see § 30-2-57(d) and (f), but the trial court did not specifically find that rehabilitative alimony was not feasible, as required by § 30-2-57(b). By omitting that finding, we can conclude only that the trial court improperly failed to consider awarding the wife rehabilitative alimony.

We therefore reverse the judgment insofar as it awarded the wife periodic alimony and remand the case to the trial court to fulfill its statutory duty under § 30-2-57(b). On remand, the trial court shall determine from its weighing of the evidence in the record the appropriate form of alimony that the wife shall be awarded, shall make the required findings of fact in support of its determination, and shall take any and all other actions and conduct such further proceedings as are necessary to comply with this opinion Because the trial court may determine on

7

remand that the wife should be awarded rehabilitative alimony for a limited duration, it would be premature for this court to address the husband's alternative argument that the trial court erred in awarding the wife periodic alimony for an indefinite period.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.