Rel: August 23, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

## CL-2024-0043

_____

## Fidel Martinez Torres

### v.

## Janeth Galeana Walderath

### Appeal from Blount Circuit Court
### (DR-21-900081)

HANSON, Judge.

Fidel Martinez Torres ("the husband") appeals from a judgment entered by the Blount Circuit Court ("the trial court") that, among other things, divorced him from Janeth Galeana Walderath ("the wife"). We reverse the trial court's judgment and remand the case for the trial court

to make those findings necessary to comply with § 30-2-57, Ala. Code 1975.

Procedural History

The husband and the wife married in 2014. Three children were born of the marriage. On April 27, 2021, the wife filed a complaint seeking a divorce from the husband. On June 3, 2021, the husband filed an answer and a counterclaim for divorce. A trial was held on November 28, 2023. On December 20, 2023, the trial court entered a final judgment divorcing the parties. The trial court's final judgment of divorce awarded the parties joint legal custody of the three children with the wife having "primary physical custody"[1]; divided the marital property; ordered the husband to pay child support in the amount of $1,938.74 per month; ordered the husband to pay the wife $750 for 60 months as rehabilitative alimony due on the first day of each month; and ordered the husband to

---

[1]Under Alabama law, an award of "primary physical custody" of a child is construed as an award of sole physical custody, as that term is defined in § 30-3-151(5), Ala. Code 1975. S.J.H. v. N.T.S., 301 So. 3d 843, 847 n.4 (Ala. Civ. App. 2020); Whitehead v. Whitehead, 214 So. 3d 367, 371 (Ala. Civ. App. 2016). Section 30-3-151(5) defines the term "sole physical custody" as a situation in which "[o]ne parent has sole physical custody and the other parent has rights of visitation except as otherwise provided by the court."

pay the wife $5,000 for attorney fees.  On January 18, 2024, the husband

appealed.[2]

Discussion

On appeal, the husband challenges the trial court's award of

rehabilitative alimony, the division of marital property, and the award of

attorney fees to the wife.  The trial court's failure to comply with § 30-2-

57, Ala. Code 1975, is dispositive.   Section 30-2-57 provides, in pertinent

part:

> "(a) Upon granting a divorce or legal separation, the
> court shall award either rehabilitative or periodic alimony as
> provided in subsection (b), if the court expressly finds all of
> the following:

>> "(1) A party lacks a separate estate or his or
>> her separate estate is insufficient to enable the
>> party to acquire the ability to preserve, to the

---

[2]The husband in the present case did not file a postjudgment motion.  In Hernandez v. Rodriguez, [Ms. CL-2023-0584, Apr. 26, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), the wife had filed a postjudgment motion challenging certain aspects of the circuit court's judgment.  The husband did not file a postjudgment motion.  Both parties appealed.  The husband challenged the circuit court's failure to comply with § 30-2-57, Ala. Code 1975, when it awarded alimony to the wife.  This court reversed the circuit court's judgment and remanded the case to the circuit court with instructions that it enter a new judgment in compliance with § 30-2-57.  In Merrick v. Merrick, 352 So. 3d 770 (Ala. Civ. App. 2021), this court addressed the application of § 30-2-57 ex mero motu.  Accordingly, the lack of a postjudgment motion does not bar this court from addressing the application of § 30-2-57.

extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) The other party has the ability to supply those means without undue economic hardship.

"(3) The circumstances of the case make it equitable.

"(b) If a party has met the requirements of subsection (a), the court shall award alimony in the following priority:

"(1) Unless the court expressly finds that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court expressly finds that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage as provided in subsection (g)[of this Rule].

"....

"(d) In <u>determining</u> whether a party has a sufficient separate estate to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall <u>consider</u> any and all relevant evidence, including all of the following:

"(1) The party's own individual assets.

"(2) The marital property received by or awarded to the party.

"(3) The liabilities of the party following the distribution of marital property.

"(4) The party's own wage-earning capacity, taking into account the age, health, education, and work experience of the party as well as the prevailing economic conditions.

"(5) Any benefits that will assist the party in obtaining and maintaining gainful employment.

"(6) That the party has primary physical custody of a child of the marriage whose condition or circumstances make it appropriate that the party not be required to seek employment outside the home.

"(7) Any other factor the court deems equitable under the circumstances of the case.

"(e) In <u>determining</u> whether the other party has the ability to pay alimony, the court shall <u>consider</u> any and all evidence, including all of the following:

"(1) His or her own individual assets, except those assets protected from use for the payment of alimony by federal law.

"(2) The marital property received by or awarded to him or her.

"(3) His or her liabilities following the distribution of marital property.

"(4) His or her net income.

"(5) His or her wage-earning ability, considering his or her age, health, education, professional licensing, work history, family commitments, and prevailing economic conditions.

"(6) That he or she has primary physical custody of a child of the marriage whose condition or circumstances make it appropriate that he or she not be required to maintain employment outside the home.

"(7) Any other factor the court deems equitable under the circumstances of the case.

"(f) In determining whether the award of rehabilitative or periodic alimony is equitable, the court shall consider all relevant factors including all of the following:

"(1) The length of the marriage.

"(2) The standard of living to which the parties became accustomed during the marriage.

"(3) The relative fault of the parties for the breakdown of the marriage.

"(4) The age and health of the parties.

"(5) The future employment prospects of the parties.

"(6) The contribution of the one party to the education or earning ability of the other party.

"(7) The extent to which one party reduced his or her income or career opportunities for the benefit of the other party or the family.

"(8) Excessive or abnormal expenditures, destruction, concealment, or fraudulent disposition of property.

"(9) All actual damages and judgments from conduct resulting in criminal conviction of either spouse in which the other spouse or child of the marriage was the victim.

"(10) Any other factor the court deems equitable under the circumstances of the case."

(Emphasis added.)

In <u>Merrick v. Merrick</u>, 352 So. 3d 770, 775 (Ala. Civ. App. 2021), this court discussed the application of § 30-2-57, stating: "The legislature has clearly required that an alimony award be either rehabilitative alimony or periodic alimony and that, <u>to award either type of alimony, the trial court must make certain express findings</u> ...."  (Emphasis added.)

7

"[T]he legislature has clearly directed that a trial court must make express findings as to the establishment of the basis for an alimony award and as to the specific type of alimony that is awarded." Lopez v. Rodriguez, 379 So. 3d 455, 462 (Ala. Civ. App. 2023). "The general purpose of making specific findings of fact is to allow the trial court 'to carefully review the evidence and to perfect the issues for review on appeal.'" White v. Jones, [Ms. CL-2023-0511, Feb. 16, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024) (quoting Ex parte Vaughn, 495 So. 2d 83, 87 (Ala. 1986)).

In White v. Jones, the trial court had failed to expressly find that rehabilitation had not been feasible, nor had it made any other findings that would justify an award of periodic alimony to the wife as opposed to rehabilitative alimony pursuant to § 30-2-57(b). This court explained that

> "The legislature evidently intended that a trial court could not award periodic alimony without first carefully reviewing the evidence to determine if rehabilitative alimony would be the more appropriate remedy. The legislature further intended that an appellate court could not assume that the trial court had impliedly made the necessary findings so that appellate review would be directed mainly to determining whether the evidence supported the express findings made by the trial court and whether the trial court abused its discretion in awarding periodic alimony instead of rehabilitative alimony."

8

White v. Jones, ___ So. 3d at ___.

In Snyder v. Snyder, [Ms. 2023-0679, May 17, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), the wife in that case had argued that the trial court was required to make express findings of fact regarding each of the factors set forth in § 30-2-57 (d), (e), and (f).  This court explained that Merrick, did not hold that the legislature had categorically required express finding as to the factors set forth in § 30-2-57 (d), (e), and (f).  This court explained:

> "Rather, findings of fact are required by subsection (a) of § 30-2-57 (and, in certain circumstances, subsection (b) of that statute) only in connection with awards of either periodic or rehabilitative alimony -- and only as to the ultimate determinations of whether a would-be periodic- or rehabilitative-alimony recipient lacks a sufficient separate estate to enable that person to acquire the ability to preserve (to a feasible extent) the parties' marital economic status quo; whether a would-be paying party has means of preserving the economic status quo without undue hardship; and whether it would be circumstantially equitable to require the payment of either periodic or rehabilitative alimony."

Snyder v. Snyder, ___ So. 3d at ___.

In the present case, the trial court's judgment does not contain the express findings that § 30-2-57 requires to support an award of rehabilitative alimony.  Because the judgment did not satisfy § 30-2-57,

we reverse the trial court's judgment and remand the case to the trial court with instructions that it enter a new judgment in compliance with § 30-2-57. We pretermit discussion of the husband's arguments that the trial court erred in its award of marital property and its award of attorney fees to the wife. See Cason v. Cason, 378 So. 3d 552 (Ala. Civ. App. 2022) (holding that because the alimony award was intertwined with the division of the marital property and the attorney-fee award, those aspects of the judgment were likewise subject to reversal and reconsideration by the trial court on remand).

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.