Rel: November 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0216

_____

### Johnny Morris Young, Jr.

### v.

### Michelle Morace Young

_____

### CL-2025-0253

_____

### Michelle Morace Young

### v.

### Johnny Morris Young, Jr.

### Appeals from Baldwin Circuit Court
### (DR-21-900077)

CL-2025-0216 and CL-2025-0253

MOORE, Presiding Judge.

In appeal number CL-2025-0216, Johnny Morris Young, Jr. ("the husband"), appeals from a judgment entered by the Baldwin Circuit Court ("the trial court") divorcing him from Michelle Morace Young ("the wife"). In appeal number CL-2025-0253, the wife cross-appeals from that same judgment. In both appeals, we reverse the trial court's judgment and remand the case for the trial court to make those findings necessary to comply with Ala. Code 1975, § 30-2-57(a) and (b).

Procedural History

On October 25, 2024, the trial court entered a judgment divorcing the parties. In the judgment, the trial court, among other things, divided the parties' considerable marital estate and awarded the wife periodic alimony. Regarding the alimony award, the divorce judgment provides: "Due to length of marriage and adultery on part of the [h]usband, the [h]usband shall pay to the [w]ife the total sum of $2,500.00 per month in the form of periodic alimony until such time as the [w]ife remarries, cohabitates, or dies or the [h]usband dies[,] whichever comes first."

On November 22, 2024, the husband filed a postjudgment motion. He asserted, among other things, that, in awarding alimony to the wife,

2

the trial court failed to comply with § 30-2-57. The wife also timely filed a postjudgment motion. On December 15, 2024, a hearing was conducted on the parties' postjudgment motions. On January 28, 2025, the wife's counsel, as directed by the trial court, filed a proposed order on the parties' postjudgment motions based on the trial-court judge's statements at the December 15, 2024, hearing. On February 3, 2025, the husband filed a response to the proposed order in which he asserted, among other things, that he had "objected to the periodic alimony [awarded] and [had] complained that the [trial court had] failed to comply with [§] 30-2-57… in its award of alimony" and that "[t]he [trial court] made no mention of that in its order"; the husband later submitted a proposed order on the parties' postjudgment motions. On February 14, 2025, the trial court entered an order on the parties' postjudgment motions in which it made certain amendments to the divorce judgment, none of which addressed the alimony award.

On March 25, 2025, the husband filed his notice of appeal to this court. On April 8, 2025, the wife filed her notice of cross-appeal. See Rule 4(a)(2), Ala. R. App. P. This court entered an order consolidating the parties' appeals ex mero motu.

3

<u>Issues</u>

In his appeal, the husband argues, among other things, that the trial court erred in awarding alimony to the wife without complying with § 30-2-57. The wife argues in her cross-appeal that the trial court's award of alimony is inequitable.

<u>Discussion</u>

We find dispositive the husband's argument that, in awarding alimony to the wife, the trial court failed to comply with § 30-2-57. Section 30-2-57 provides, in pertinent part:

> "(a) Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:
>
>> "(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.
>>
>> "(2) The other party has the ability to supply those means without undue economic hardship.
>>
>> "(3) The circumstances of the case make it equitable.
>
> "(b) If a party has met the requirements of subsection (a), the court shall award alimony in the following priority:

4

"(1) Unless the court expressly finds that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court expressly finds that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage as provided in subsection (g)."

The husband argues that the trial court erred by failing to make the express findings required by § 30-2-57. He cites in support of his argument Patrick v. Patrick, [Ms. CL-2024-0286, Nov. 22, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), and White v. Jones, 397 So. 3d 569 (Ala. Civ. App. 2024). In Patrick, this court reversed a divorce judgment entered by the Madison Circuit Court that, among other things, ordered Jonathan Patrick to pay to Morgan Patrick periodic alimony in the amount of $1,500 per month "'for a period of thirty six (36) months or

until the [payee] shall die, marry, or said rehabilitative alimony terminates otherwise by law, whichever shall occur first.'" ___ So. 3d at ___. Although neither party had argued that the judgment should be reversed based on the Madison Circuit Court's failure to make express findings as required by § 30-2-57(a) or (b), this court noted that "'this court has reversed a trial court's judgment and remanded the case for it to enter … mandated findings as to a judgment … ex mero motu.'" ___ So. 3d at ___ (quoting Merrick v. Merrick, 352 So. 3d 770, 775 (Ala. Civ. App. 2021)). Because the divorce judgment at issue in Patrick did not contain the express findings that § 30-2-57(a) requires to support an award of either periodic alimony or rehabilitative alimony and, to the extent that an award of periodic alimony was intended, omitted an express finding that rehabilitative alimony was not feasible, as required in § 30-2-57(b), this court reversed the judgment and remanded the case for the entry of a new judgment in compliance with § 30-2-57. ___ So. 3d at ___.

In White, the Mobile Circuit Court entered a judgment of divorce that awarded $500 per month in periodic alimony for 180 months to Kimberly K. Jones. 397 So. 3d at 570. Subsequently, the Mobile Circuit

6

Court entered an amended judgment containing the express findings required by § 30-2-57(a). Id. at 570. This court reversed the judgment, however, based on the Mobile Circuit Court's failure to comply with § 30-2-57(b). Id. at 571. We stated, in pertinent part:

> "The general purpose of making specific findings of fact is to allow the trial court 'to carefully review the evidence and to perfect the issues for review on appeal.' Ex parte Vaughn, 495 So. 2d 83, 87 (Ala.1986). Section 30-2-57(b)[, Ala. Code 1975,] requires a trial court that has found the general elements necessary to award alimony pursuant to § 30-2-57(a) to focus on the nature and duration of the alimony that should be awarded. The legislature evidently intended that a trial court could not award periodic alimony without first carefully reviewing the evidence to determine if rehabilitative alimony would be the more appropriate remedy. The legislature further intended that an appellate court could not assume that the trial court had impliedly made the necessary findings so that appellate review would be directed mainly to determining whether the evidence supported the express findings made by the trial court and whether the trial court abused its discretion in awarding periodic alimony instead of rehabilitative alimony."

Id. Because the Mobile Circuit Court had failed to expressly find that rehabilitative alimony was not feasible or to make any of the other findings that would justify an award of periodic alimony rather than rehabilitative alimony pursuant to § 30-2-57(b), we reversed the judgment and remanded the case for the Mobile Circuit Court to make those findings necessary to comply with § 30-2-57(b). Id.

7

In the present case, the trial court did not make the express findings required by § 30-2-57. The wife argues that the husband waived the statutory requirements. During the postjudgment hearing, the husband's counsel did not respond to an inquiry from the trial-court judge regarding her classification of the alimony award;[1] however, the husband's counsel did not thereby concede that the trial court had complied with § 30-2-57. The husband maintained throughout the postjudgment proceedings that the trial court had not made the express findings necessary to support the alimony award.

The wife also argues on appeal that certain statements made by the trial-court judge during the postjudgment hearing satisfied § 30-2-57. Even if oral statements of a trial-court judge could be considered binding express findings within the meaning of § 30-2-57, which we do not decide, the trial-court judge in this case did not make any statement indicating that she had determined that rehabilitative alimony was not feasible or that she had decided against awarding the wife only rehabilitative

---

[1]The trial-court judge asked the parties: "Is it either one of your positions that's about alimony that I make a specific finding or did I already do that that it's not rehabilitative on the alimony?" The wife's counsel responded: "You said permanent periodic." The trial-court judge responded: "Okay."

alimony based on the reasons set forth in § 30-2-57(b). Like in White, this court cannot assume that the trial court impliedly made those necessary findings. Accordingly, we reverse the trial court's judgment, and we remand the case to the trial court with instructions that it enter a new judgment in compliance with § 30-2-57.

Because we are reversing the judgment on this basis, we pretermit any discussion of the remaining arguments raised by the husband and the wife in their respective appeals. See Lopez v. Rodriguez, 379 So. 3d 455, 462 (Ala. Civ. App. 2023).

CL-2025-0216 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

CL-2025-0253 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.